IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
)
v. ) Civil Action No. 04-1943
) Criminal No. 96-64
FREDERICK H. BANKS )
    Defendant. )

MEMORANDUM AND ORDER OF COURT

Gary L. Lancaster,
District Judge.                                September 20, 2005

This is an action to vacate sentence. On April 19, 1996, defendant, Frederick H. Banks, entered a plea of guilty to one count of mail fraud in violation of 18 U.S.C. § 1341. This Court sentenced Defendant to four (4) months community confinement to be followed by three (3) years supervised release. Defendant did not file an appeal to his sentence. Defendant has completed the sentence this Court imposed. Defendant has now filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 and/or a Petition for Writ Coram Nobis.

The government opposes the motion and argues that this Court should deny defendant's Motion to Vacate Sentence for two reasons. First, the government argues that actions to vacate sentence under 28 U.S.C. § 2255 are available only to defendants who are still in federal custody. Second, the government argues

AO 72A
(Rev. 8/82)

that actions to vacate sentence under 28 U.S.C. § 2255 must be brought within one year of the date the sentence became final. Defendant does not dispute that he is no longer in federal custody and that more than one (1) year has passed since his sentence became final.  Rather, defendant contends, in the alternative this court should issue a Writ of Coram Nobis vacating his sentence because:  (1)  his counsel was ineffective; and (2)  he was not informed that materiality was an element of mail fraud.  For the reasons which follow, defendant's Motion to Vacate sentence and his Petition for Writ of Coram Nobis will be denied.

This court has subject matter jurisdiction over actions brought pursuant to 28 U.S.C. § 2255 by defendants "in custody under sentence of a [federal] court" at the time of the filing. 28 U.S.C. § 2255;  see Maleng v. Cook, 490 U.S. 490-91 (1989). There is no dispute that defendant is no longer in federal custody.  Accordingly, his Motion to Vacate Sentence is denied for lack of subject matter jurisdiction.

In the alternative, defendant argues that he is entitled to a Writ of Coram Nobis vacating his sentence.  In order to successfully petition for a Writ of Coram Nobis, defendant must, as a threshold matter, show that:  (1) the conviction carries "continuing consequences;"  (2)  there "was no remedy available

2

AO 72A
(Rev.8/82)

at trial;" and (3) "sound reasons exist for failure to seek relief earlier." United States v. Stoneman, 870 F.2d 102, 105-106 (3d Cir. 1989).

The Court of Appeals for the Third Circuit has held that "relief through the coram nobis route...[is] reserved for exceptional circumstances." United States v. Osser, 864 F.2d 1056, 1059 (3d Cir. 1988). In Osser, the court of appeals held that "any proceeding which is challenged by the writ is presumed to be correct and the burden rests on its assailant to show otherwise...Relief will be granted only when circumstances compel such action to achieve justice." Id. (quoting United States v. Gross, 614 F.2d 365, 368 (per curiam) cert. denied 447 U.S. 925, 100 S.Ct. 2298, 2305 (1980)). The court of appeals further stated that "[t]he interest in finality of judgments is a weighty one that may not be casually disregarded. Where sentences have been served, the finality is of an overriding nature, more so than in other forms of collateral review such as habeas corpus, where continuation of confinement could be manifestly unjust." Id.

Defendant has not alleged that his conviction carries continuing consequences. Defendant has further failed to establish that there was no remedy available at trial and sound reasons exist for his failure to seek relief earlier.

Defendant's only claims are not sufficient to merit Coram Nobis relief. Specifically, defendant claims counsel refused to allow him to withdraw his guilty plea and that counsel, and the United States Attorney, failed to advise him that materiality was an element of mail fraud.

Claims of ineffective assistance of counsel are reviewed under the two-prong standard of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). First, defendant "must show that counsel's representation fell below an objective standard of reasonableness." <u>Id</u>. at 688. Second, defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. Defendant has failed to satisfy this standard.

Defendant's claim that there were factual errors in the information that his counsel refused to correct is patently false. This court specifically gave defendant the opportunity to correct these, and any other factual errors, at the plea colloquy. Defendant, by counsel, raised these issues and voluntarily accepted the plea agreement. Transcript, Plea Colloquy on April 19, 1996 at 10. Transcript, Plea Colloquy on April 19, 1996 at pp. 17-18.

Defendant's argument that he was not informed that materiality was an element of mail fraud is equally without merit. Defendant relies on Neder v. United States, 527 U.S. 1 (1999). Defendant correctly notes that, in Neder, the Supreme Court incorporated the common law fraud requirement of materiality into the federal mail, wire and bank fraud statutes. Id. at 4. Neder, however, was decided three (3) years after defendant was sentenced. Further, during the plea colloquy, the Assistant United States Attorney informed defendant that, if he went to trial the government would have to prove "the existence of a scheme to defraud and/or obtain money or property by means of false or fraudulent pretenses or representations." Transcript, Plea Colloquy on April 19, 1996 at 10. During the plea colloquy, defendant admitted, inter alia, that he operated and advertised a business called Search Syndicates which purported to locate lost relatives and friends upon receipt of $39.00. Defendant further admitted that neither he, nor any of his employees, had any intention of providing this service but rather simply intended to abscond with the money. Transcript at pp. 13-18. Simply put, defendant has not identified any representation that he made which was not material to the fraud with which he was charged. Thus, even if it was error to omit

materiality from the elements of mail fraud in 1996, the error was harmless.

Accordingly, the Petition for Writ of Coram Nobis is denied.

BY THE COURT:

_____, J.

cc:   All Counsel of Record